UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LANCE A. JONES

CIVIL ACTION

VERSUS

NO. 13-379-JJB

STATE OF LOUISIANA, ET AL.

**RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER**

This matter is before the court on plaintiff Lance A. Jones's motion (doc. 3) for a temporary restraining order ("TRO") enjoining any actions in the matter of Jones v. Jones, Docket No. F188,233, in the Family Court for East Baton Rouge Parish, Louisiana. For the reasons herein, the court DENIES Jones's motion for TRO.

The following facts are taken from the pleadings. Jones is a pro se litigant in his divorce proceedings brought against his spouse, Charlotte Jones, who is represented by Teresa L. Hatfield ("Hatfield") of The Hatfield Law Office, L.L.C. Mr. Jones claims that his constitutional rights have been violated during the course of several family court proceedings that have been presided over by Judge Pamela J. Baker. Mr. Jones seeks to enjoin Judge Baker from conducting any further hearings, including one set for today.

While plaintiff's brief is largely incomprehensible, this court interprets and summarizes the claims as follows.

Equal Protection

- Hatfield and Judge Baker have had numerous ex parte status conferences in chambers; and, Jones has not been allowed to participate due to Judge Baker's rule that pro se litigants are not permitted to enter chambers.

It is readily apparent that it is not plaintiff's pro se status per se that is causing him injury. Judge Baker could easily hold status conferences in the courtroom or another part of the

1

courthouse. Judge Baker presumably denies non-attorney access to chambers as a security measure. Conversely, Judge Baker could just as easily have ex parte communications with attorneys over the telephone or by conducting one-sided bench conferences.[1] Nevertheless, the court accepts this allegation as true for present purposes; and, finds that this claim does not appear to be actionable under 28 U.S.C. § 1983. Rather, this is foremost a matter of judicial/attorney ethics that does not fall within this court's jurisdiction. Moreover, Judge Baker has filed a motion (doc. 2) to dismiss based upon judicial immunity. For the reasons stated in Judge Baker's supporting brief, the court finds that there is no likelihood of success on the merits of the equal protection claim.

Procedural Due Process

Mr. Jones asserts that Judge Baker has committed numerous procedural improprieties during the course of several proceedings take have taken place in family court:

- Judge Baker denied Jones the opportunity to question witnesses on the stand.[2]
- Judge Baker considered a petition based upon hearsay and/or false statements.
- Plaintiff's motion to recuse Judge Baker was not randomly reassigned but directly assigned to Judge Anette M. Lasalle at Judge Baker's direction.
- Judge Baker improperly denied plaintiff's motion to have Judge Lasalle recused;,instead of providing for an ad hoc judge to determine the motions to recuse Judge Baker and Judge Lasalle.
- Judge Baker and Judge Lasalle are biased against plaintiff due to the proceedings he has filed in family court and comments made by Ms. Jones and her attorney.

Again, plaintiff has no likelihood of success on the merits of these claims for the reasons stated by Judges Baker and Lasalle in support of their motion to dismiss based upon judicial immunity. Additionally, the court finds it doubtful that these claims would survive scrutiny under the

---

[1] In fact, later on in his rambling complaint, Jones alleges that Judge Baker had an improper bench conference with Hatfield (acting as his wife's attorney) and Robert Lancaster (in his capacity as "the head of the LSU Law School Clinic" and participating because Jones had asked him to represent him in mediation at the LSU Law Clinic.) This allegation is nonsensical on its face.

[2] This includes not being able enforce a subpoena against Kim Brooks, a Special Parish Attorney.

*Parratt/Hudson* doctrine.[3] Under the *Parratt/Hudson* doctrine "a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (citation and quotations omitted). Here, Mr. Jones has failed to allege facts to show that there is no adequate post-deprivation remedy. Mr. Jones has an adequate post-deprivation remedy; namely, an appeal through the state court system to remedy these alleged violations of due process.

The court further observes that the complaint includes numerous allegations that do not involve state action in any manner, including the following:

- Hatfield violated court orders by filing an emergency ex parte petition for custody and by participating in a mediation at the LSU Law Clinic.
- Scott Gaspard conducted the mediation improperly by allowing Hatfield to participate; had one or more ex parte communications with Hatfield; and acted in a biased manner.
- Mrs. Jones and Hatfield filed false pleadings.
- Hatfield "lied on the stand in many instances."

It is axiomatic that the foregoing claims are insufficient to support a Sec. 1983 claim. Additionally, there are several alleged violations that are too speculative in nature to support any kind of constitutional claim:

- Hatfield attempted to avoid service on a contempt motion after conspiring with the judge.
- Hatfield and Ms. Jones conspired with Judge Baker to have plaintiff's pauper status revoked.
- Judge Baker and Judge Lasalle have conspired with Hatfield and her attorney to deny him a fair proceeding.
- Judges Baker and Lasalle will retaliate against plaintiff (by denying a stay, imposing fines and revoking his pauper status) based upon bias against him.

---

[3] *Parratt v. Taylor*, 101 S.Ct. 1908 (1981) and *Hudson v. Palmer*, 104 S.Ct. 3194 (1984).

For the foregoing reasons, the court finds that the constitutional claims asserted by Jones are largely incomprehensible and unlikely to succeed on the merits. Accordingly, the court DENIES the motion (Doc. 3) for temporary restraining order. As to the remainder of plaintiff's claims including his claims for preliminary injunctive relief, plaintiff is afforded 14 days to file a brief to show that his remaining claims are viable under the law. Defendants will be afforded a period of 14 days to respond.

Signed in Baton Rouge, Louisiana, on June 25, 2013.

      **JUDGE JAMES J. BRADY**
      **UNITED STATES DISTRICT COURT**
      **MIDDLE DISTRICT OF LOUISIANA**