UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LANCE A. JONES

CIVIL ACTION

VERSUS

NO. 13-379-JJB

STATE OF LOUISIANA, ET. AL

## RULING ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss brought by Defendants, State of Louisiana, Family Court for East Baton Rouge, Judge Pamela Baker, and Judge Annette Lassalle. (Doc. 2).  Plaintiff, Lance A. Jones, has filed an Opposition. (Doc. 9).  There is no need for oral argument.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  For the reasons stated herein, the Defendants' Motion to Dismiss is GRANTED.

I.      **Background**

The following facts are taken from the Complaint. (Doc. 1).  This action arises out of several court proceedings in the Family Court for East Baton Rouge Parish ("Family Court") before Judge Pamela Baker.  Jones is representing himself *pro se* in his divorce proceedings in the Family Court.  He alleges that his constitutional rights have been violated because he has been treated unfairly and his case has been unlawfully prejudiced.  Specifically, Jones asserts claims pursuant 42 U.S.C. §§ 1983, 1985, and 1986, and under the First, Fifth, Sixth, and Fourteenth Amendments of the Constitution.

While Jones takes issue with several of the Defendants' actions, it appears that he has taken primary issue with being treated on unequal terms with his wife's counsel, Teresa Hatfield, because he is a *pro se* litigant.  Throughout the proceedings, Jones has, among other things, been excluded from status conferences and other meetings between Judge Baker and Teresa Hatfield in chambers.

1

In addition to the present matter, Jones has filed motions to recuse Judge Baker for her unfair treatment of him and his claims, and Judge Annette Lassalle, to whom Judge Baker referred his motion of recusal. Jones has alleged that both Judges Baker and Lassalle maintained a bias against him and have conspired to treat him unfairly.

## II.    Discussion

The Defendants have asserted three grounds to support the motion to dismiss. First, the Defendants argue that this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and the Eleventh Amendment of the Constitution as to the claims made against the State of Louisiana on a theory of sovereign immunity. Second, Defendants argue that the Family Court is not a legal entity capable of being sued. Finally, Defendants argue that the claims against Judges Baker and Lassalle should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim based on the theory that both judges are entitled to, and protected by, judicial immunity. The Court agrees.

### a.   This Court Lacks Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), a party may challenge a court's subject matter jurisdiction at any time. *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). The party asserting that the court has jurisdiction bears the burden of proving that the court may adjudicate the case. *Ramming v. U.S.*, 281 F. 3d 158, 161 (5th Cir. 2001). In determining whether it has subject matter jurisdiction, the court may look at the complaint alone, the complaint supplemented by undisputed facts in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.*

Though the text of the Eleventh Amendment taken literally bars only a narrow category of a cases, it is well established that the Amendment grants states immunity from suits brought

2

by its citizens, as well as those brought by citizens of a sister state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  That said, a state may be sued in its official capacity if it waives sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 737, (1999).  Additionally, Congress may abrogate a state's sovereign immunity "by clear language that the constitutional immunity was swept away." *Quern v. Jordan*, 440 U.S. 332, 344 (1979) (quoting *Employees v. Missouri Public Health Dept.*, 411 U.S. 279, 285 (1973)).

Jones relies on Louisiana state law to argue that this Court has subject matter jurisdiction. Specifically, he points to the Louisiana Constitution and Louisiana state law to support the proposition that the concept of state sovereign immunity has been "effectively demolished". (Doc. 9, at 6).  Additionally, though it is unclear how exactly he is trying to do so, Jones tries to rely upon 42 U.S.C. §1983 to argue that this Court has subject matter jurisdiction.  Jones' reliance upon state law is completely irrelevant.  While Louisiana may have waived state sovereign immunity in some cases tried in *state* court, it has not waived immunity such that it can be sued in *federal* court.  To the contrary, Louisiana explicitly maintains its sovereign immunity by statute. *See* La. Rev. Stat. Ann. § 13:5106 (West 2012) ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."); *see also Citrano v. Allen Correctional Center*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("The State of Louisiana has waived sovereign immunity in tort contract suits but it is not waived its immunity under the Eleventh Amendment from suit in federal court.").  Similarly, Jones cannot rely on §1983 to assert subject matter jurisdiction because Congress has not abrogated a state's sovereign immunity for claims brought under the statute. *Quern*, 440 U.S. at 345 ("[Section] 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of states…"); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 186 (5th

Cir. 1986) ("Section 1983 does not override the Eleventh Amendment bar."). The Court concludes that it lacks subject matter jurisdiction and the claims against the State must be dismissed.

### b.   The Family Court for East Baton Rouge is not an entity that may be Sued

The Defendants argue that the Family Court, as a judicial entity, lacks the capacity to be sued. Jones concedes this point and withdraws his claim against the Family Court. Instead, he expresses a desire to amend his complaint to substitute appropriate parties. Specifically, Jones would like to substitute James "Buddy" D. Caldwell, the Louisiana State Attorney General, and the Louisiana Department of Justice in its place.

While "a bare assertion in an opposition to a motion to dismiss…does not constitute a motion for [leave to amend]," *Pension Fund v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 555-56 (5th Cir. 2007), district courts may allow plaintiffs at least one opportunity to cure any deficiencies found in the pleadings before dismissing their case. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). A court may deny a request to amend if it appears that any attempt to cure the pleadings' deficiencies would be futile. *Pension Fund*, 497 F.3d at 556. An amendment would be futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co.*, 234 F.3d 863, 872 (5th Cir. 2000). The Court finds such futility in this case.

Jones' claims against the Louisiana Department of Justice and Buddy D. Caldwell, in his official capacity, fail for the same reason that his claims against the state fail. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (holding that the state and the state's officials sued in an official capacity cannot be held liable under §1983). As to the claims against Buddy D. Caldwell in his individual capacity, the Court finds that these claims are frivolous. Based upon a

4

reading of the complaint, there is absolutely no nexus between the named Defendants complained of actions and Mr. Caldwell. The Court refuses to further entertain what amounts to a litigious game of pin the tail on the defendant. Therefore, the Plaintiff's request is denied.

### c.   Judges Baker and Lassalle Are Entitled to Judicial Immunity

The Defendants seek dismissal of Jones' claims against Judges Baker and Lassalle based on judicial immunity. They assert that all of the actions alleged to be improper were judicial in nature and thus entitled to absolute immunity. The Court agrees.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(B)(6). When reviewing the complaint, the court must accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. V. Davis-Penn Mortg. Co.,* 61 F.3d 288, 289 (5th Cir. 1995). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A judge is immune from civil liability for acts done within her judicial capacity or pursuant to a judicial function. *Forrester v. White*, 484 U.S. 219 (1988). An act is judicial in nature if it is one that a judge would normally perform. *Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity is applicable even in the face of due process and equal protection violations or allegations of malicious or corrupt acts. *Id.* at 356-64. Fifth Circuit courts generally rely upon the following four factors to determine whether an act is "judicial": (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in her official capacity. *Adams v. McIlhany*, 764 F/2d 294, 297

(5th Cir. 1985) (citing *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972).  The test factors should be broadly construed in favor of finding that immunity applies.  *Id.*

Here, Jones alleges that Judges Baker and Lassalle committed several non-judicial acts including conducting *ex parte* conferences in chambers with opposing counsel, pre-hearing conferences, and assigning motions of recusal.  Applying the *McAlester* factors, this Court finds that all of the complained of acts are judicial in nature.  The acts were those normally performed by judges; they occurred in the courtroom or in chambers; there was a pending court proceeding; and the acts arose directly out of a visit to the judge in her official capacity.  It appears that the Plaintiff takes primary issue that he, as a *pro se* litigant, was excluded from judge's chambers while opposing counsel was not.  While *ex parte* communications may be frowned upon for their tendency to show, at the very least, an appearance of bias, they do not divest a judge of judicial immunity. *See Stump*, 435 U.S. at 362-63 (finding that a judge was entitled to judicial immunity despite approving an order in an *ex parte* proceeding).  Furthermore, as this Court has previously observed, the judge's policy of denying non-attorneys access to chambers can be justified as a security measure.  Therefore, the Court finds that Judges Baker and Lassalle are entitled to judicial immunity.

**III.    Conclusion**

Accordingly, the Defendants' motion to dismiss (Doc. 2) is GRANTED and the Plaintiff's request for leave to amend is DENIED.


Signed in Baton Rouge, Louisiana, on September 11, 2013.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**